1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

STEVEN L. KLIEGMAN,

        Plaintiff,

 v.

COUNTY OF HUMBOLDT,

        Defendant.

_____/

No. CV 09-0006 NJV

**ORDER CONVERTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS TO A MOTION FOR SUMMARY JUDGMENT, AND DENYING SUMMARY JUDGMENT**
(Docket No. 29)

      This is a civil action challenging the accessibility of Defendant County of Humboldt's municipal court house in Garberville, California to physically disabled individuals.  On April 15, 2010, Defendant County filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  (Doc. No. 29)  Under the civil local rules and as ordered by the Court at the March 16, 2010 case status conference, Plaintiff Steven L. Kliegman's[1] response was due on April 29, 2010.  (Doc. No. 28)  The Court ordered Plaintiff to file his response by May 24, 2010, and Plaintiff has not filed his response.  (Doc. No. 32)  The Court interprets Plaintiff's failure to respond as his non-opposition to Defendant's motion.  Having considered the papers submitted and for good cause shown, the Court converts Defendant's  motion for judgment on the pleadings to a motion for summary judgment under Rule 12(d) and denies Defendant's motion.

## I.  BACKGROUND

      Plaintiff filed his complaint on January 2, 2009, and Defendant answered on April 2, 2009.  (Doc. Nos. 1 & 13)  Both parties consent to jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).

---

     [1]     Plaintiff was represented by counsel when this action was filed, but is now appearing *pro se* after the Court granted counsel's motion to withdraw from representation in December 2009.  (Doc. Nos. 18, 22 & 31)

1    As a result of contracting polio at a young age, Plaintiff uses two canes to move about.

2    Compl. ¶ 44.  Plaintiff claims that Defendant County's municipal court house in Garberville,

3    California, the John Haynes Memorial Veteran's Hall ("Municipal Court House"),[2] is not accessible

4    to physically disabled individuals in violation of the Americans with Disabilities Act

5    (42 U.S.C. §§ 12101-12213, "ADA"), Section 504 of the Rehabilitation Act (29 U.S.C. § 794),

6    California Civil Code § 54, and California's Unruh Civil Rights Act (Cal. Civil Code § 51, *et seq.*).

7    *See* Compl. ¶¶ 6-10, 16-41; Answer ¶ 6.  Plaintiff alleges that the Municipal Court House is in

8    violation of these federal and state requirements because the Municipal Court House's front entrance

9    has steps; the restrooms lack grab bars, a handicap stall, handles on stall doors, and the toilet seat

10   covers and paper are too high; and the Municipal Court House lacks accessible parking spaces.

11   Compl. ¶ 9.  Plaintiff alleges that due to the lack of grab bars in the restroom, on May 23, 2008, he

12   slipped and fell in the restroom stall, hitting his head and left shoulder.[3]  Compl. ¶ 45.  As a result of

13   his fall, Plaintiff suffered a concussion and fractured his shoulder.  Compl. ¶ 46.  Plaintiff also

14   alleges that Defendant's failure to make its Municipal Court House accessible to the physically

15   disabled constitutes negligence.  Compl. ¶¶ 42-48.

16   Defendant moves for judgment on the pleadings and Plaintiff has not responded to the

17   motion.  The Court interprets Plaintiff's failure to respond as his non-opposition to Defendant's

18   motion.

19   **II.  DISCUSSION**

20   **A.    Legal Standard**

21   Under Rule 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial-- a

22   party may move for judgment on the pleadings."  Judgment on the pleadings is appropriate when,

23   even if all material facts in the pleading under attack are true, the moving party is entitled to

24   judgment as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542,

25

26       [2]    Plaintiff refers to the County court house as the "Eel River Justice Court" in his complaint.  Compl. ¶ 6.  The complaint also refers in passing to the County's administrative offices in Eureka, California, but does not allege any violations related to the administrative office facility.  *See*

27   *id.*

28       [3]    The complaint also refers in passing to July 25, 2008, but  nowhere describes the significance of this date, including what occurred on this date.  Compl. ¶ 34.

2

**United States District Court**
For the Northern District of California

1550 (9th Cir. 1990). When matters outside the pleadings are presented on a Rule 12(c) motion and not excluded by the court, the court must convert the Rule 12(c) motion to a Rule 56 summary judgment motion. Fed. R. Civ. P. 12(d); *see Sira v. Morton*, 380 F.3d 57, 67-68 (2d Cir. 2004) (holding district court's conversion of Rule 12(c) motion to Rule 56 summary judgment motion to be proper where extrinsic evidence was not excluded and the parties were not prejudiced by lack of notice of the court's intent to convert the motion because the parties could file another summary judgment motion later in the proceedings); *Hal Roach Studios*, 896 F.2d at 1550.

Here, Defendant moves for judgment on the pleadings arguing that Plaintiff's federal claims are rendered moot by a settlement agreement entered on July 23, 2008 between Defendant County and the United States Department of Justice ("DOJ"). In support of its 12(c) motion, Defendant submits the DOJ settlement agreement and excerpts of Exhibit K to this agreement. Declaration of Jo Ann Gath, Ex. A (Doc. No. 30). The Court concludes that the DOJ settlement agreement is extrinsic evidence outside the pleadings because the DOJ settlement agreement was not incorporated into the pleadings. In addition, the DOJ settlement agreement is never referenced in the pleadings. Defendant's request that the Court take judicial notice of the agreement does not somehow incorporate the DOJ settlement agreement into the pleadings to avoid Rule 12(d)'s requirement that the Court convert a Rule 12(c) motion to a Rule 56 motion for summary judgment when "matters outside the pleadings are presented to and not excluded by the court."[4] Like *Sira*, 380 F.3d at 67-68, the parties are not prejudiced by lack of notice of the Court's intent to convert Defendant's motion because 1) Defendant's primary argument on its motion-- mootness based on the DOJ settlement agreement-- is based on materials outside the pleadings, which Defendant attached to its motion and therefore, "defendant[] plainly should have been aware of the likelihood of such a conversion"; and 2) the parties may file another summary judgment motion later in the proceedings.

Summary judgment is proper where the pleadings, discovery, and affidavits show that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must determine, viewing the evidence in the light most

---

[4]    Defendant did not file a request for judicial notice but raised its request in a footnote in its motion. Def.'s Mot. at 2 n.1.

United States District Court
For the Northern District of California

1  favorable to the nonmoving party, whether there is any genuine issue of material fact.  *Giles v. Gen.*

2  *Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007).  Material facts are those which may

3  affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

4  dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

5  verdict for the nonmoving party.  *Id.*

6       The moving party for summary judgment bears the initial burden of identifying those

7  portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine

8  issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine*

9  *Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party

10  has met this burden of production, the nonmoving party must go beyond the pleadings and, by its

11  own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If

12  the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the

13  moving party wins.  *Celotex*, 477 U.S. at 323-24.

14  **B.**  **Analysis**

15       Defendant's primary argument is that Plaintiff's federal claims are rendered moot by its

16  settlement agreement with the DOJ.[5]  "Pursuant to the Settlement Agreement, the County agreed to

17  complete modifications to the Eel River Justice Court mandated by the Department of Justice to

18  bring that facility into compliance with the ADA and Section 504 of the Rehabilitation Act by July

19  23, 2010."  Def.'s Mot. at 3.  Defendant contends that because it has already offered to cease the

20  conduct Plaintiff alleges is wrongful through the DOJ settlement agreement, Plaintiff's claims are

21  moot.  Def.'s Mot. at 4.  Defendant cites two Seventh Circuit cases in support of its argument:

22  *Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 930 (7th

23  Cir. 2003), and *Chicago United Industries, Ltd. v. City of Chicago*, 445 F.3d 940, 947 (7th Cir.

24  2006).

27        [5]     Defendant also argues that because Plaintiff's federal claims are moot, the Court should

28  decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  Because the Court holds that Plaintiff's federal claims are not moot, the Court need not reach Defendant's supplemental jurisdiction argument.

**United States District Court**
For the Northern District of California

These cases stand for the proposition that injunctive claims become moot after the challenged government misconduct has ceased or has been corrected. But Defendant attempts to extend these cases much further-- to situations where the government has promised to correct its misconduct, but before the government has actually corrected its misconduct. Defendant's argument, while creative, goes too far.

In both *Federation of Advertising Industry Representatives*, 326 F.3d 924, and *Chicago United Industries*, 445 F.3d 940, the court found the plaintiff's claims were moot because the government misconduct that was challenged had actually ceased or had been corrected. In *Federation of Advertising Industry Representatives*, the challenged ordinance was <u>repealed</u> during litigation and the Seventh Circuit held that the plaintiff's challenges to this ordinance, where the plaintiff only sought prospective relief, were therefore moot. 326 F.3d at 929-30. In *Chicago United Industries*, the plaintiff contractor sued for injunctive relief against the defendant city after the city terminated its contracts with the plaintiff and instituted a three-year bar, suspecting fraudulent billing by the plaintiff. 445 F.3d 940. After the suit was filed, the government <u>ceased and corrected</u> its challenged conduct by reinstating the cancelled contracts, rescinding the debarment, adopting a new rule that authorizes a pre-debarment hearing, and promising the court that the plaintiff would be entitled to a full evidentiary hearing if termination or debarment proceedings are again instituted against the plaintiff. *Id*. at 946-47. The Seventh Circuit held that the plaintiff's request for injunctive relief was moot and vacated the injunction. *Id*. at 948-49 (explicitly noting that the plaintiff's request for damages was not moot).

Here, Defendant argues that the DOJ settlement agreement, which addresses the Defendant's non-compliance with the ADA and Rehabilitation Act and requires Defendant to make modifications to the Municipal Court House within twenty-four (24) months by July 23, 2010, moots Plaintiff's claims. Defs.' Mot. at 3-4; Gath Decl. & Ex. A (Doc. Nos. 29 & 30). The DOJ settlement agreement addresses two of Plaintiff's challenges to the Municipal Court House's accessibility, but not Plaintiff's challenge that the Municipal Court House lacks accessible parking spaces. *See* Compl. ¶ 9. The DOJ settlement agreement requires Defendant to modify the Municipal Court House's entrance ramp; provide signage at the inaccessible entrance; modify the restrooms including

**United States District Court**
For the Northern District of California

the door handle, lavatory, faucet, and urinal; modify the restrooms to add an accessible stall with grab bars, stall door hardware, and dispensers and other features with appropriate size and arrangement; and modify the route to the restrooms.  Gath Decl., Ex. A at 90-93.  The Court notes that the DOJ settlement agreement requires Defendant to make more modifications to the restrooms than those challenged by Plaintiff and also requires Defendant to make additional modifications to the Municipal Court House not challenged by Plaintiff including modifications to the public telephone, Clerk's counter, and the courtroom.  Gath Decl., Ex. A at 90-94.

There are three main reasons why the existence of the DOJ settlement agreement alone does not moot Plaintiff's action.  First and most important, Defendant does not indicate whether it has actually complied with the DOJ settlement agreement, nor does Defendant provide the status of its compliance with the agreement.  The promise to correct Defendant's challenged violations alone is insufficient to moot Plaintiff's injunctive claims and as described above, Defendant's cited authority is distinguishable.

Second, the DOJ settlement agreement does not address one of Plaintiff's three accessibility challenges to the Municipal Court House-- the lack of accessible parking-- and Defendant does not present any separate arguments regarding the alleged lack of accessible parking.  *See* Compl. ¶ 9.

Third, in addition to injunctive and declaratory relief, Plaintiff also seeks damages for his alleged injuries resulting from Defendant's violations.  As the court concluded in *Chicago United Industries*, 445 F.3d at 948-49, the mooting of an equitable claim does not moot a claim for damages.  Defendant does not present any separate arguments regarding Plaintiff's claim for damages.

Therefore, the Court denies summary judgment where there are genuine issues of material fact regarding whether Defendant's modifications, if any, to the Municipal Court House moot Plaintiff's equitable claims.

## III.  CONCLUSION

Having converted Defendant's motion for judgment on the pleadings to a motion for summary judgment under Rule 12(d), the Court denies Defendant's motion.  Defendant may file another motion for summary judgment later in the proceedings.

1        The Court orders the parties to file a joint case management and pretrial order using the

2   attached exemplar, which is also provided on the Northern District's website, by July 2, 2010.  A

3   case management conference will be held on Tuesday, August 24, 2010 at 2:00 p.m.  At least seven

4   (7) days before the case management conference, the parties must file a joint case management

5   conference statement that includes 1) an update on Defendant's modifications to the Municipal

6   Court House in Garberville pursuant to the DOJ settlement agreement; and 2) the status and parties'

7   compliance with the ADA scheduling order in this action (Doc. No. 2).  Defendant has represented

8   that its compliance with the DOJ settlement agreement is due by July 23, 2010.

9        Should Plaintiff continue to fail to follow this Court's orders and/or fail to respond to

10  motions, Defendant may move, or the Court may *sua sponte* move, to involuntarily dismiss this

11  action for failure to prosecute.  Fed. R. Civ. P. 41(b).

12

13  **IT IS SO ORDERED.**

14

15  Dated:  June 10, 2010

16                            NANDOR J. VADAS
                            United States Magistrate Judge

**United States District Court**
For the Northern District of California